IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWAYNE E. CROPPER, | § | |
| | § | |
| Defendant Below, | § | No. 301, 2021 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 9601010152 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: October 4, 2021
Decided: October 25, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On September 20, 2021, the appellant, Dwayne E. Cropper, filed this appeal from a Superior Court order dated August 3, 2021, and docketed on August 4, 2021, that denied his "Motion for Writ." Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before September 3, 2021.

(2) The Senior Court Clerk issued a notice directing Cropper to show cause why this appeal should not be dismissed as untimely filed. On September 27, 2021, the Court received the certified-mail receipt, confirming that the notice to show

cause had been delivered. A response to the notice to show cause was therefore due on or before October 7, 2021. On October 4 and 5, 2021, Cropper filed an official Form A Notice of Appeal, a motion to proceed *in forma pauperis*, and a "Memorandum [in] Support of Writ." In the memorandum, Cropper asserts various challenges to his conviction, such as ineffective assistance of counsel, an allegation that the Superior Court docket has been falsified, and a claim that the State failed to provide him with favorable evidence; none of the documents that he filed address the untimeliness of his appeal.

(3) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] The failure to file a timely appeal in this case is not attributable to court-related personnel. Therefore, the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice